The **LENOIR CITY COMPANY**

v.

John E. **LELAND**, Hilton Stanley Windham, and Juanita H. **Windham**.

No. Civ. 3–79–287.

United States District Court,
E. D. Tennessee, N. D.

Aug. 6, 1979.

Richard L. Carson, Knoxville, Tenn., for plaintiff.

William C. Humphreys, Jr., Charles T. Huddleston, Atlanta, Ga., for Windham.

Donald F. Paine, Knoxville, Tenn., for defendants.

## MEMORANDUM

ROBERT L. TAYLOR, District Judge.

This case was filed originally in the Loudon County, Tennessee Chancery Court. It has since been removed here by two of the three defendants. The only jurisdictional basis for removal is diversity of citizenship. However, since plaintiff and the third defendant not joining in the removal petition are both residents of Tennessee, complete diversity of citizenship does not exist in this case unless a separate and independent claim or cause of action is stated in the complaint against the two diverse defendants. 28 U.S.C. § 1441(c). Plaintiff has filed a motion to remand the case to state court contending that no such separate and independent claim is stated.

Plaintiff's complaint seeks damages and equitable relief in the form of rescission of a real property deed, against all three defendants for an allegedly fraudulent purchase of land from plaintiff. The complaint alleges that defendant Leland, an officer of plaintiff corporation at the time, fraudulently arranged the sale of a tract of plaintiff's real property to Mr. and Mrs. Windham, the two diverse defendants, at a price allegedly well below the actual value of the land. The complaint alleges defendant Leland acted pursuant to a conspiracy with the Windhams to obtain the property at a fraudulently low price. Among other things, the complaint seeks rescission of the deed to the Windhams and damages.

The general rule for determining whether a separate and independent claim, which can be removed, is stated in an otherwise non-removable complaint is as follows:

"[W]here a plaintiff seeks to recover for a single injury arising from a series of interrelated events, and whether he sues several defendants, jointly, severally, jointly and severally, or alternately, he is not asserting separate and independent claims under 1441(c)."

*Union Planters Nat. Bank of Memphis v. CBS, Inc.,* 557 F.2d 84, 89 (6th Cir. 1977). This rule applies to this case. Plaintiff's complaint alleges only one injury, the sale of its land for less than fair consideration. Although the remedy for this injury may alternatively be an action against the corporate officer responsible, or an equitable action against the purchasers for rescission, the fact remains that there is nevertheless only one injury alleged. Therefore, the rule in *Union Planters* precludes finding a separate and independent claim against the Windhams in this case.

Accordingly, it is ORDERED that this case be, and the same hereby is, remanded

84

to the Loudon County, Tennessee Chancery Court.

Order accordingly.